Dear Mr. Hamilton:
This opinion is in response to your question asking:
 Are County Judges of Second Class Counties authorized to charge the county mileage for travel from their home to the courthouse for meetings of Court under the provisions of Section 49.100, RSMo 1978?
You also state:
 On January 1, 1979, Callaway County moved from third class county status to second class county status. The County Court Judges had always received mileage for travel from their homes to meetings of the County Court. That was under the provisions of Section 49.110, RSMo. That particular provision specifically authorizes reimbursement `for each mile necessarily traveled in going to and returning from the place of holding court'. It has now come to our attention that Section 49.100, RSMo 1978, contains different language and simply indicates that reimbursement is authorized `for each mile actually and necessarily traveled in performance of their official duties'.
Section § 49.100 with respect to judges of the county court in counties of the second class provides that they shall receive ten cents per mile for each mile actually and necessarily traveled in the performance of their official duties. On the other hand, § 49.110, RSMo, with respect to judges of the county court in third class counties provides that they shall receive fifteen cents per mile for each mile necessarily traveled in going to and returning from the place of holding county court and for all other necessary travel on official business in the personal automobile of the judge presenting the claim.
In Op. Att'y Gen. No. 89, Tomlinson, May 8, 1951, this office considered the provisions of § 49.110, RSMo 1949, which at that time provided only for five cents per mile for each mile necessarily traveled in going to and returning from the place of holding county court. In that opinion we reached a conclusion that such provisions and similar provisions contained in § 49.120, RSMo 1949, relative to county judges of counties of the fourth class were to be literally interpreted and allowed mileage only for travel to and returning from the place of holding county court as provided. Of course since that opinion was written, the provisions of §§ 49.110 and 49.120 have been amended to include "all other necessary travel on official business in the personal automobile of the judge presenting the claim." We have not enclosed a copy of that opinion because the provisions of the sections cited have been amended and the opinion is no longer appropriate. However, such opinion indicates that there is a clear difference between mileage authorization for the purpose of attending court and mileage authorization for necessary travel on official business.
Likewise this office concluded in Op. Att'y Gen. No. 50, Henry, March 5, 1964, that unless the legislature has specifically included in the allowable expenses of public assessors the cost of traveling from their homes to the place where their work is regularly performed such expenses cannot be held to be a legitimate public charge. We have not included a copy of that opinion because it is not otherwise relevant here.
The holding in the latter opinion was cited with approval and amplified in Op. Att'y Gen. No. 350 351, Holman, as amended December 31, 1975, copy enclosed, which is self-explanatory.
CONCLUSION
It is the opinion of this office that county court judges of second class counties are not authorized to charge the county mileage for travel from their home to the courthouse for meetings of the court.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure